# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CONDRA SMITH, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF EDUCATION, et al., <br><br> Defendants. | CAUSE NO.: 1:18-CV-348-HAB-SLC |

## OPINION AND ORDER

Plaintiff Condra Smith has sued the United States Department of Education, United Student Aid Funds ("USA Funds"), Pioneer Credit Recovery, Inc. ("PCR"), and General Revenue Corporation ("GRC"). In the controlling pleading, the Amended Complaint [ECF No. 48], Plaintiff alleges that she was the victim of fraudulent activity while attending Indiana State University. According to Plaintiff, she did not authorize Perkins or Stafford loans to be obtained in her name, and her signatures do not appear on the relevant documents for obtaining the loans. Yet, Defendants are collecting on these fraudulent loans through garnishment of her wages. Additionally, the Department of Education has withheld money from her tax returns. She seeks repayment of the withheld wages and tax return, as well as damages.

All Defendants moved for summary judgment. Plaintiff filed a Response, in which she embedded her own motion for summary judgment. Defendants filed a Reply, which was titled as Defendants' Consolidated Reply in Support of Motion for Summary

Judgment on the Administrative Record and Brief in Opposition to Plaintiff's Motion for Summary Judgment. Plaintiff's response, as well as her own motion for summary judgment, are devoid of any supporting evidence.[1] For reasons stated more fully below, the Court will grant summary judgment in favor of the Defendants and will dismiss the claims for monetary damages.

## FACTUAL BACKGROUND

Smith attended Indiana State University between fall 2002 and spring 2006. (ED's Certified Administrative Record (ED R.), ECF No. 55.) During this time, she paid for her education with a combination of scholarships, Pell Grants, cash payments, and student loans. (ED R. at 11–15) Among these student loans were a collection of Stafford loans taken out under the Federal Family Education Loan Program pursuant to a Federal Stafford Loan Master Promissory Note dated January 3, 2004 (the "Promissory Note"). (ED R. at 11–15, 62.) The Promissory Note included language that would permit multiple loans to be made under the Note. The guarantor of the loans is USA Funds. Additional loan authorizations were made pursuant to the Promissory Note in subsequent years; Plaintiff authorized these amounts and received notices each semester notifying her of the disbursements. (ED R. at 11–15, 31–41.) Plaintiff also received and was provided written acknowledgement of several Perkins loans during her time at Indiana State. (ED R. at 43–56.)

---

[1] Because Plaintiff is proceeding without an attorney, Defendants provided the appropriate Notices [ECF Nos. 60, 63], attaching the appropriate rules governing summary judgment, as well as advising Plaintiff that, if she did not agree with the facts in their motions, she was required to submit affidavits or other evidence to dispute those facts.

In 2017, PCR, acting in its capacity as an authorized representative for USA Funds, issued a notice to Plaintiff that her wages would be subject to garnishment to satisfy her defaulted loans. (ECMC Administrative Wage Garnishment Record (WG R.), ECF No. 56.) Plaintiff requested a hearing on grounds that she believed someone at Indiana State University signed her name on the loan application and promissory note without her permission. She requested an application for discharge of her debt. After an administrative hearing, the hearing officer concluded that Plaintiff had failed to demonstrate that the loans in question were not valid or that USA Funds or PCR acted improperly in pursuing garnishment of Plaintiff's wages.

On August 31, 2018, Plaintiff filed a formal Loan Discharge Application: False Certification to USA Funds seeking a discharge of her loans based on alleged unauthorized signatures on the applications and promissory note. An investigation was conducted, with the conclusion that the loans were authentically Plaintiffs. When Plaintiff was notified of the decision, she requested that the Department of Education review USA Funds' decision.

The Department of Education reviewed the allegations and related documents. It concluded that Plaintiff did not qualify for a loan discharge:

> After a thorough review of your application, the U.S. Department of Education (ED) has upheld USA Funds' determination that you do not qualify for false certification loan discharge (unauthorized signature/payment) for the following reasons:
>
> • You have provided no collaborating evidence that your name was signed fraudulently on your Federal Family Education Loan Program (FFELP) Federal Stafford Loan Master Promissory Notice on January 4, 2003.

3

> • The promissory note contains several items of information that assist in confirming your identity and by extension your relationship to the loans: name, address, social security number, date of birth and references.
>
> • The Account Summary by Term you provided USA Funds shows that you received FFEL Stafford student loans and federal Perkins student loans that Indiana State University currently holds.
>
> • ED received the enclosed documents from Indiana State University (ISU) Student Financial Aid Office that shows you received Federal Stafford Loans while you attended ISU. You indicated on the Office of Student Financial Aid Federal Stafford Loan Information Form 2004-2005 that you were not a first-time Stafford Loan borrower at ISU and you requested that ISU use the same lender for your federal student loans. Copies of the notices sent to you informing you of your Federal Stafford Loan disbursements dated: August 18, 2003, August 18, 2003, January 3, 2004, April 27, 2004, July 17, 2004, July 21, 2004, July 21, 2004, August 6, 004, August 16, 2004, January 3, 2005, and July 6, 2005. Ten of the financial aid notices were sent to your home address and one notice sent to your mail box at ISU.
>
> This indicates that you were the beneficiary of the loan(s) proceeds to pay for your education. ED has concluded, based on the preponderance of evidence that these loan(s) are authentically yours. As a result of this determination, you continue to be responsible for repayment on the loan(s).

(ED R. 63–64.)

The Department of Education paid reinsurance on Plaintiff's FFELP loans, currently held by USA Funds and in default. On July 27, 2008, USA Funds mailed Plaintiff a TOP due process letter. Plaintiff did not object or request review.

## ANALYSIS

Summary judgment is proper when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(a). To survive summary judgment, a nonmovant must be able to show that a reasonable jury could return a verdict in her favor; if she is not able to "establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), summary judgment must be granted. Where the moving party is the party that would bear the burden of proof for a claim at trial, it must "cite the facts which it believes [would] satisf[y]" the element of its claim and "demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015).

### A. USA Funds, PCR, and GRC

USA Funds, PCR, and GRC (the "Private Defendants") moved for summary judgment as to the allegations Plaintiff potentially brought against them related to the decision not to discharge the debt (the Discharge Decision) and the decision to garnish her wages (the Wage Garnishment Decision). Although they defend the merits of the underlying administrative decisions, the Private Defendants argue that they are not proper parties to this lawsuit. The Court will start there.

Plaintiff's Amended Complaint does not identify a statute or other source of authority for her claims against the Private Defendants. The Defendants identify the Higher Education Act (HEA) of 1965 as governing Plaintiff's claims. However, as they correctly note, the HEA does not confer a cause of action by a borrower against private entities. *See Slovinec v. DePaul Univ.*, 332 F.3d 1068, 1069 (7th Cir. 2003); *see also Thomas M. Cooley Law Sch. v. Am. Bar Ass'n*, 459 F.3d 705, 710–11 (6th Cir. 2006); *McCulloch v. PNC*

5

*Bank Inc.*, 298 F.3d 1217, 1220–25 (11th Cir. 2002); *Labickas v. Ark. State Univ.*, 78 F.3d 333, 334 (8th Cir. 1996); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484–85 (9th Cir. 1995); *L'ggrke v. Benkula*, 966 F.2d 1346, 1347–48 (10th Cir. 1992). Rather, the HEA is a funding statute that does not authorize "litigation by a private plaintiff against anyone other than the Secretary [of Education]." *Slovinec*, 332 F.3d at 1069; 20 U.S.C. § 1082(a)(2); *see also Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1123 (11th Cir. 2004) ("While the HEA endows debtors with certain rights during the wage garnishment process, the HEA expressly empowers only the Secretary of Education—not debtors—with the authority to enforce the HEA and rectify HEA violations.").

Plaintiff has not pointed to any authority that would permit private enforcement of the HEA. This is problematic, as "private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Without a statutorily created private remedy "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 286–87.

Plaintiff's Amended Complaint refers to "fraudulent activity while attending Indiana State University," and all her claims appear to center around this alleged fraud. (Amd. Compl. 1, ECF No. 48.) Accordingly, the Court will consider whether Plaintiff can proceed on state law fraud claims. To overcome summary judgment on a claim of fraud, Plaintiff needed to furnish evidence that the Private Defendants made a representation of past or existing fact that that they knew to be false or that was made with reckless disregard as to its truth or falsity. *See Heyser v. Noble Roman's Inc.*, 933 N.E.2d 16, 19 (Ind.

6

Ct. App. 2010) (setting forth elements of actual fraud). Plaintiff's allegations seem to be that Defendants had no legal right to pursue collection of the defaulted loans because someone else previously committed fraud. Aside from the problematic fact that this does not allege that Defendants engaged in fraud themselves, Plaintiff has not designated materials or cited to anything in the record that would substantiate an allegation of fraud. Her brief contains the following conclusory, leading into nonapplicable, argument:

> The undisputed facts of this case show, clearly and convincingly, that Defendants engaged in a pattern of (1) concealment of material facts (showing that the plaintiffs was not the borrower due her signature nor handwriting is not on the documents); (2) intentionally and fraudulently obtaining money from plaintiffs; and (3) making promises without any intention of performing them (returning money that should not have been taken during an investigation), thereby depriving Plaintiffs of their dollars. Defendant and his principals knew, or should have known, the nature and background of the Plaintiff['s] investments, and those who had been involved with them. Plaintiffs were lulled into complacency, maintaining their accounts when they still could have mitigated their losses, and continued to pay 'management fees' on values which were fiction.

(Pl.'s Opp'n Br. 13, ECF No. 64 (errors in original).)

"[A] party opposing a summary judgment motion must inform the district court of the reasons why summary judgment should not be entered." *Riley v. City of Kokomo*, 909 F.3d 182 (7th Cir. 2018) (citing *Domka v. Portage Cty.*, 523 F.3d 776, 783 (7th Cir. 2008); *see also Marion v. Radtke*, 641 F.3d 874, 876-77 (7th Cir. 2011) ("When a plaintiff fails to produce evidence, the defendant is entitled to judgment; a defendant moving for summary judgment need not produce evidence of its own.") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)); *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) (holding that the plaintiffs had waived claims where they did not respond to

defendant's arguments and "did not provide the district court with any basis to decide" them).

Plaintiff was required to marshal and present the court with the evidence on which a reasonable jury could rely to find in her favor. *See AA Sales & Assocs., Inc. v. Coni-Seal, Inc.*, 550 F.3d 605, 613 (7th Cir. 2008). She has not done so. In short, Plaintiff's claims against the Private Defendants fail because she identifies no source of federal law that would support a private cause of action. With respect to any common law fraud claims that she has attempted to advance, Plaintiff puts forth no evidence that would enable a reasonable jury to find that the Private Defendants engaged in fraud. Because Plaintiff has not presented the Court with evidence on which a reasonable jury could rely to find in her favor, *see Goodman v. Nat'l Sec. Agency. Inc.*, 621 F.3d 651, 654 (7th Cir. 2010), the Private Defendants are entitled to judgment as a matter of law.

**B.      The Department of Education**

Plaintiff's Amended Complaint, filed on May 2, 2019, does not expressly reference judicial review under the Administrative Procedures Act (APA). The Department of Education analyzed the Plaintiff's claim as a challenge to a final agency decision (the Discharge Decision), subject to review under the APA, 5 U.S.C. § 701 et seq. The Department of Education was not the holder of the loans for which garnishment was obtained, so Plaintiff cannot state a claim against the Department of Education for return of any funds administratively garnished. With respect to a third agency decision, the referral of her defaulted student loans to Treasury for offset under the Treasury Offset

Program (TOP), Plaintiff did not pursue administrative remedies, so judicial review is not available.

*1. Review of Agency Decision*

Where a court reviews an agency decision under the APA, it must "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706. "The factfinding capacity of the district court is thus typically unnecessary to judicial review of agency decisionmaking." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). For this reason, "judicial review of an agency's final determination follows standards quite different from those applied in a typical summary judgment proceeding." *J.N. Moser Trucking, Inc. v. U.S. Dep't of Labor*, 306 F. Supp. 2d 774, 781 (N.D. Ill. 2004). Review is based solely on the record in the administrative proceeding below, and the court does not take or consider new evidence. *Hunger v. Leininger*, 15 F.3d 664, 669 (7th Cir. 1994).

Under the APA, a court may not set aside an administrative decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). In determining whether an agency decision is arbitrary or capricious, a court considers "whether the decision was based on a consideration of the relevant factors and whether there has been clear error of judgment." *Ind. Forest All., Inc. v. U.S. Forest Serv.*, 325 F.3d 851, 858–59 (7th Cir. 2003) (quoting *Marsh v. Or. Nat'l Res. Council*, 490 U.S. 360, 378 (1989)). When an agency makes a decision, it

9

> 'must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made.' *Motor Vehicle Mfrs. Assn. of United States, Inc. v. State Farm Mut. Automobile Ins. Co.*, 463 U.S. 29, 43 (1983) (internal quotation marks omitted). That requirement is satisfied when the agency's explanation is clear enough that its 'path may reasonably be discerned.' *Bowman Transp., Inc. v. Arkansas–Best Freight System, Inc.*, 419 U.S. 281, 286 (1974).

*Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125 (2016) (parallel citations omitted). "Before concluding that a decision was arbitrary and capricious, a court must be very confident that the decisionmaker overlooked something important or seriously erred in appreciating the significance of the evidence." *Patterson v. Caterpillar, Inc.*, 70 F.3d 503, 505 (7th Cir. 1995).

In 1992, Congress created a duty on the part of the Secretary of Education to discharge the student loans of falsely certified students. 20 U.S.C. § 1087(c). The implementing regulations provide that borrowers may obtain false-certification discharges by proving that the signatures on their loan documents are unauthorized. 34 C.F.R. § 682.402(e).

In her Loan Discharge Application, Plaintiff alleged that the loan documents did not contain her signature, but that an unknown person at Indiana State University had signed the papers. She claimed to have never received the money from the loans. Plaintiff was advised that she was required to attach to her Loan Discharge Application documents containing four other samples of her signature.

To show that the signatures on her loans were unauthorized, Plaintiff was required to provide the specimens of her signature. 34 C.F.R. § 682.402(e)(3). She did not do so. Neither did she present, nor the Department of Education discover, any other evidence

10

of loan origination violations at Indiana State University during the time frame corresponding to Plaintiff's enrollment.

Contrasting the absence of any evidence substantiating Plaintiff's claim that her signature did not appear on the documents, and that she did not benefit from the loans, was substantial evidence that Plaintiff both authorized and received the benefit of the loans. The Department of Education reviewed documentation showing the deposit of the loan funds into Plaintiff's student account. Her signatures appeared on the documents authorizing the use of the federal funds. These documents included the January 4, 2003, Promissory Note, loan requests, and disclosure forms. These documents not only contained very similar signatures, but also contained personal information, such as addresses, Social Security numbers, and references connected to Plaintiff. The account summaries from Indiana State University that detailed Plaintiff's charges and payments revealed that the scholarships and grants Plaintiff received were not sufficient to cover her expenses. The loans were used to pay the difference. Each semester, Indiana State University's Office of Student Financial Aid sent notices to Plaintiff informing her that the loans were begin taken out.

The Court finds that Plaintiff's bare assertions that she did not sign the loan documents, and that she never received the student loans at issue are unsupported by any concrete or specific evidence. Further, these claims were contradicted by ample documentary evidence in the administrative record before the Department of Education. Upon investigation, the Department of Education offered a rational connection between the facts found and the decision. Its denial of Plaintiff's loan discharge request was not

arbitrary, capricious, or an abuse of discretion or otherwise not in accordance with the law.

### 2. *Monetary Damages*

Plaintiff asks the Court for the return of all money taken from her tax returns. Before seeking redress in federal court, a person who wishes to challenge her referral to the TOP must first exhaust administrative remedies. *United States v. Beulke*, 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012). Here, there is no evidence in the record to suggest that Plaintiff exhausted her administrative remedies.

Plaintiff also requests $10,000 in damages from the Department of Education (and all other Defendants). She has not identified any source of law that would permit her to recover monetary damages from the Department of Education. Her response in opposition to summary judgment devotes considerable argument to the Freedom of Information Act (FOIA). This case does not, under any reading of the Amended Complaint, involve FOIA. Although courts are to liberally construe *pro se* filings, "[t]he essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). This is not a case involving a mere technicality. It is a fundamental tenant of jurisprudence that the United States, as sovereign, is immune from suit absent a waiver of that immunity. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Plaintiff does not identify any basis for a wavier of sovereign immunity for her claim for monetary damages.

## CONCLUSION

For the reasons stated above, any claim for money damages against the Department of Education is dismissed for lack of jurisdiction, as are any claims against the Private Defendants for which there is no statutory cause of action. With respect to the remaining claims, the Motion for Summary Judgment [ECF No. 57] filed by the Private Defendants and the Motion for Summary Judgment [ECF No. 61] filed by the Department of Education are GRANTED. The Motion for Summary Judgment contained in Plaintiff's Opposition [ECF No. 64] is DENIED. The Clerk will enter judgment in favor of Defendants and against Plaintiff.

SO ORDERED on August 27, 2019.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT