# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CONDRA SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 1:18-CV-348-HAB |
| U.S. DEPARTMENT OF EDUCATION, et al., | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on a limited remand from the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit remanded this case for the "limited purpose of ruling on appellant's request to reopen the time to appeal under Rule 4(a)(6).[1]" (ECF No. 83 at 2). Having reviewed the post-judgment record in this case, the Court concludes that Plaintiff fails to meet the requirements to reopen the time to appeal under Fed. R. App. P. 4(a)(6), and therefore her motion to do so is denied.

**A.      Procedural Background**

On August 27, 2019, this Court entered summary judgment in favor of Defendants and against Plaintiff. (ECF. No. 68). The same day, the Clerk of this Court issued its Judgment in a Civil Action in favor of Defendants and against Plaintiffs. (ECF No. 69). At this Court's direction, both the Opinion and Order entering summary judgment and the Clerk's Judgment in a Civil

---

[1] The Seventh Circuit's decision to "treat appellant Smith's notice of appeal additionally as a motion to reopen the time to appeal under Fed. R. App. P. 4(a)(6)" places it on the minority side of a circuit split on the issue of whether a belated notice of appeal can invoke Rule 4(a)(6), or whether an express motion to reopen is required. *See Poole v. Family Court of New Castle Cty*, 368 F.3d 263 (3rd Cir. 2004); *Jenkins v. Burtzloff*, 69 F.3d 460 (10th Cir. 1995); *but see Sanders v. United States*, 113 F.3d 184 (11th Cir. 1997). While this Court doubts that the Seventh Circuit intended to wade into these waters through a single sentence in a non-precedential order, it will nonetheless treat Plaintiff's Notice of Appeal as a motion under Rule 4(a)(6).

Action were sent to Plaintiff via certified mail, receipt number 7018 0360 0001 4183 8491. (*See* ECF No. 70) (the "Package"). The Package was mailed to Plaintiff's address on file with the Court: 3301 Lafayette Street, Fort Wayne, Indiana, 46804. (*Id.*). The Court notes that this is the same address that both Defendants and the Court have consistently used throughout this case, and Plaintiff previously had no issues responding to filings mailed to this address. (*See*, *e.g.*, ECF No. 38 at 2; ECF No. 39 at 11; ECF No. 42; ECF No. 60 at 6; ECF No. 63 at 6; ECF No. 64).

On September 26, 2019, the Package was returned to this Court "UNCLAIMED." (ECF No. 70 at 1). Accordingly, on September 30, 2019, this Court directed that the Opinion and Order entering summary judgment and the Judgment in a Civil Case be resent to Plaintiff, again via certified mail, receipt number 7001 1140 0003 1354 2756. (*See* ECF No. 72) (the "Second Package"). The Second Package was also sent to Plaintiff's Lafayette Street address. (*Id.*). The Second Package was returned "UNCLAIMED" on October 28, 2019. (*Id.*).

On December 23, 2019, Plaintiff filed a document titled Plaintiffs' Requesting Mediation [all sic]. (ECF No. 73). Magistrate Judge Collins denied as moot Plaintiff's request for mediation because of the entry of judgment in favor of Defendants. (ECF No. 74). Magistrate Collins' order was mailed to Plaintiff at the same address as the Package and Second Package, and Plaintiff received the order. (ECF No. 75 at 5) ("I received a letter on 1/8/2020 telling me that my case was closed."). Rather than file a motion to reopen the time to file her appeal, Plaintiff filed her Notice of Appeal on January 9, 2020. (ECF No. 75). The Seventh Circuit issued its order remanding the case on February 20, 2020. (ECF No. 83).

B.  **Legal Analysis**

Both 28 U.S.C. § 2107 and Fed. R. App. P. 4(a)(6) address the requirements for reopening the time for appeal where the appealing party did not receive notice of the entry of a judgment. Section 2107(c) provides:

> The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause. In addition, if the district court finds-
>
> > (1)  that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry, and
> >
> > (2)  that no party would be prejudiced,
>
> the district court may, upon motion filed within 180 days after entry of the judgment or order or within 14 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

28 U.S.C. § 2107(c). Similarly, Rule 4(a)(6) provides:

> **Reopening the Time to File an Appeal**. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A)  the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B)  the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> >
> > (C)  the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Each provision requires a district court to find, before it can reopen the time to appeal, that: (1) the appealing party did not received notice of the entry of judgment within 21 days after its entry; (2) the appealing party moved to reopen the time for appeal within 180 days

3

after the judgment is entered, or 14 days after the party receives notice of the judgment, which ever is earlier; and (3) no party will be prejudiced. Because these requirements are statutory, compliance is "mandatory and jurisdictional." *Bowles v. Russell*, 551 U.S. 205, 209 (2007).

In *Lim v. Courtcall, Inc.*, 683 F.3d 378 (7th Cir. 2012), the Seventh Circuit addressed when a party "receives" noticed of the entry of judgment for the purposes of Rule 4(a)(6). There, the district court dismissed the plaintiff's appeal on November 17, 2011. However, the plaintiff was out of the country from November 17, 2011, through January 27, 2012. When he returned, he opened his mail and discovered the dismissal order. The plaintiff then filed a motion under Rule 4(a)(6) to reopen the time for appeal, which the district court granted. *Id*. at 379.

The Seventh Circuit remanded the case for the limited purpose of considering when the plaintiff "received notice" of the dismissal. The district court, applying Fed. R. Civ. P. 77(d) and 5(b)(2)(C), concluded that notice is "received" when the clerk mails it. *Id*. at 380. Concluding that the plaintiff received the notice of dismissal when it was mailed on November 17, 2011, the district court revoked its order reopening the time for appeal. *Id*. On appeal, the Seventh Circuit rejected this reasoning.

> Appellate Rule 4(a)(6) does not mesh perfectly with Civil Rules 5(b) and 77(d). Rule 4(a)(6) talks of "receipt" of a document under Rule 77(d); but Rules 77(d) and 5(b) concern "service" rather than receipt. The committee notes to Rule 4(a)(6) show that it is designed to allow a district judge to reopen the time for appeal if notice of the judgment does not arrive—whether the fault lies with the clerk or the Postal Service. The district court's most recent decision would prevent the rule from serving that function.

*Id*. Accordingly, the Seventh Circuit concluded that "a document is 'received' when delivered to the proper address." *Id*. at 381.

Relevant to this case, however, the Seventh Circuit determined that its conclusion did not help the plaintiff. Because the notice of dismissal was "delivered" within 21 days, the Seventh

4

Circuit concluded the fact that the plaintiff failed to open the notice until much later was irrelevant. Noting that "[t]he judiciary is not entitled to add time just because a litigant fails to open or read his mail—or for any other extra-statutory reason," the plaintiff's appeal was dismissed for lack of jurisdiction. *Id*.

Here, the Court attempted delivery of the Packages twice via certified mail. This entailed multiple attempts at delivery and multiple occasions for Plaintiff to retrieve her mail.

> If you are mailing to a residential address and no one is home, a delivery reminder slip will be left in the mailbox by the letter carrier. This reminder informs the person a USPS Certified Mail® letter is being held at the local Post Office for pick-up. They must go to the Post Office to Sign for the letter and pick it up. If no one picks up the letter after 5 to 7 days, USPS will leave a second delivery notice. Again the delivery slip reminder is left by the letter carrier. Finally, after 5 to 7 days the final delivery attempt is made to the delivery address. After the final notice reminder is left the letter is taken back to the Post Office and held for 5 to 7 days prior to being returned to sender with USPS proof of the various attempts of delivery and notification.

*Frequently Asked Questions about USPS Certified Mail tracking, rates, and delivery information*, http://www.certified-mail-envelopes.com/faqs/. Even assuming that Plaintiff was not home when the initial delivery attempts were made, she received no fewer than *six* notices that she had a certified mail delivery awaiting pickup. She would have had *15 to 21 days* in which to retrieve the certified mail both times the Court attempted service. If Plaintiff did not know about the Judgment prior to January 8, 2020, it was not the fault of the clerk or the United States Postal Service. It was the fault of Plaintiff who repeatedly refused to be served.

"When an ostrich senses danger and can't run away, 'it flops to the ground and remains still, with its head and neck flat on the ground in front of it' . . . looks as if it has buried its head in the sand." *United States v. Ramirez*, 574 F.3d 869, 876 n.2 (7th Cir. 2009). That appears to be what happened here. Understanding that her case was in danger, Plaintiff metaphorically buried her head in the sand, refusing to retrieve the documents that she likely knew were the death

5

knell for her specious lawsuit.[2] This Court can discern little difference between the individual who receives mail from the court and does not open it and Plaintiff, who refused to be put in a situation where she could open this Court's orders. Both are "extra-statutory" reasons that a litigant would not be aware of an appealable judgment, beyond the scope of the allowances in either Rule 4(a)(6) or 28 U.S.C. § 2107. As such, this Court determines that Plaintiff fails to meet the "mandatory and jurisdictional" requirements to reopen the time for appeal, and her motion must be denied.

**C.     Conclusion**

For the foregoing reasons, Plaintiff's request to reopen the time to appeal under Rule 4(a)(6) is DENIED. The Clerk is DIRECTED to serve this Opinion and Order on Plaintiff through both first class and certified mail.

SO ORDERED on February 25, 2020.

/s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[2] The Court does not believe that it is a coincidence that it received a letter from Plaintiff on the same day that the Package was returned as undeliverable. (ECF 71).